townsend.

1   TOWNSEND and TOWNSEND and CREW LLP
    EUGENE CREW (State Bar No. 34395)
2   THEODORE T. HERHOLD (State Bar No. 122895)
    HOLLY GAUDREAU (State Bar No. 209114)
3   379 Lytton Avenue
    Palo Alto, California 94301
4   Telephone:  (650) 326-2400
    Facsimile:  (650) 326-2422
5   Email: ttherhold@townsend.com

6   Attorneys for Plaintiff and Counterdefendant
    THEME PROMOTIONS, INC.,
7   dba THEME CO-OP PROMOTIONS

8

9                   UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12  THEME PROMOTIONS, INC., a California          CASE NO. C 97-04617 (VRW)
    Corporation, dba THEME CO-OP
13  PROMOTIONS,                                   **PLAINTIFF'S NOTICE OF
                                                  SUPPLEMENTAL MOTION AND
14                    Plaintiff and               SUPPLEMENTAL MOTION FOR
                      Counterdefendant,           ATTORNEYS' FEES, COSTS OF SUIT
15                                                AND INTEREST; MEMORANDUM OF
            v.                                    POINTS AND AUTHORITIES**
16
    NEWS AMERICA MARKETING FSI, INC., a           Date:        TBD
17  Delaware Corporation,                         Time:        TBD
                                                  Courtroom:   Courtroom 6, 17th Floor
18                    Defendant and                            Honorable Vaughn R. Walker
                      Counterclaimant.
19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

Page(s)

NOTICE OF SUPPLEMENTAL MOTION AND MOTION .......................................................1

CERTIFICATION OF COMPLIANCE WITH CIVIL L.R. 54-6.............................................3

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................4

I.   INTRODUCTION ............................................................................................4

II.  FACTUAL AND PROCEDURAL BACKGROUND ...................................................5

  A. 1997-2006: Commencement, the First Appeal, Trial and Judgment ...........................5

  B. 2006-2008: The Second Appeal..............................................................6

  C. 2008-Present: Payment of the Judgment and Remaining Issues to Be
     Decided .......................................................................................7

III. THEME'S ATTORNEYS' FEES MOTIONS AND COST BILLS......................................8

  A. Theme's Original Attorneys' Fees Motion and Bill of Costs ...........................8

  B. Theme's Request for Attorneys' Fees on Appeal and Bill of Costs .......................10

  C. The Present Supplemental Motion ..............................................................10

IV. LEGAL ARGUMENT .........................................................................................11

  A. Theme is Entitled to an Award of its Reasonable Attorneys' Fees.............................11

    1. Applicable Legal Standards ....................................................................11

    2. Calculation of Attorneys' Fees In This Case ..............................................13

      a) 1997-2006 Fees ...............................................................................15

      b) 2006-2008 Fees ...............................................................................15

      c) 2008-Present Fees ...........................................................................15

  B. Theme is Entitled to Costs of Suit .............................................................16

  C. Theme is Entitled to the Balance Due on the Judgment ...................................16

  D. Theme is Entitled to Interest as Provided by Law ...........................................16

    1. Remaining Interest Due on the Judgment ..................................................17

    2. Post-Judgment Interest on Attorneys' Fees and Costs...................................18

I.   CONCLUSION ...............................................................................................18

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Carver v. Chevron U.S.A., Inc.,*
119 Cal.App.4th 498 (2004) ....................................................................................11

*Children's Hosp. & Med. Ctr. v. Bonta,*
97 Cal.App.4th 740 (2002) ......................................................................................12

*Friend v. Kolodzieczak,*
72 F.3d 1386 (9th Cir. 1995)....................................................................................18

*Graham v. DaimlerChrysler Corp.,*
34 Cal.4th 553 (2005) .......................................................................................9, 11, 12

*Greene v. Dillingham Constr. N.A., Inc.,*
101 Cal.App.4th 418 (2002) ....................................................................................12

*Gusman v. Unisys Corp.,*
986 F.2d 1146 (7th Cir. 1993) ..................................................................................13

*Hasbrouck v. Texaco, Inc.,*
879 F.2d 632 (9th Cir. 1989)....................................................................................12

*Ketchum v. Moses,*
24 Cal.4th 1122 (2001) ............................................................................................12

*Lealao v. Beneficial Cal., Inc.,*
82 Cal.App.4th 19 (2000) ........................................................................................13

*Mandel v. Lackner,*
92 Cal.App.3d 747 (1979) ........................................................................................13

*Mangold v. Cal. Pub. Util. Comm'n,*
67 F.3d 1470 (9th Cir. 1995) ...................................................................................11

*Pac. Coast Agric. Exp. Ass'n v. Sunkist Growers, Inc.,*
526 F.2d 1196, n.19 (9th Cir. 1975).........................................................................14

*PLCM Group, Inc. v. Drexler,*
22 Cal.4th 1084 (2000) ............................................................................................13

*Reynolds Metals Co. v. Alperson,*
25 Cal.3d 124 (1979) ...............................................................................................12

*Serrano v. Priest (Serrano III),*
20 Cal.3d 25 (1977) ..........................................................................................8, 9, 11

*Serrano v. Unruh (Serrano IV),*
32 Cal.3d 621 (1982) ...............................................................................................12

*Sundance v. Muni. Court,*
192 Cal.App.3d 268 (1987).......................................................................................14

*Twin City Sportservice, Inc. v. Charles O. Finley & Co.,*
676 F.2d 1291 (9th Cir. 1982)...................................................................................12

**TABLE OF AUTHORITIES**

Page(s)

**Cases continued**

*Vizcaino v. Microsoft Corp.*,
　290 F.3d 1043 (9th Cir. 2002) ............................................................................................. 11

*Vo v. Las Virgenes Muni. Water Dist.*,
　79 Cal.App.4th 440 (2000) ................................................................................................. 12

*Wallace v. Consumers Coop. of Berkeley, Inc.*,
　170 Cal.App.3d. 836 (1985) ............................................................................................... 12

**Statutes**

28 U.S.C. § 1961 ........................................................................................................... 17, 18

Cal. Bus. & Prof. Code § 16750 .................................................................................. 1, 11, 16

**Rules**

Civil L.R. 54-6 .................................................................................................................... 3

townsend.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S NOTICE OF SUPPLEMENTAL MOTION AND SUPPLEMENTAL
MOTION FOR ATTORNEYS' FEES, COSTS AND INTEREST; MEMORANDUM
Case No. C 97-04617 (VRW)

- iii -

**townsend.**

1          **NOTICE OF SUPPLEMENTAL MOTION AND MOTION**

2     TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

3          PLEASE TAKE NOTICE that, at a date and time to be determined by the Court,[1] Plaintiff

4     and Counterdefendant Theme Promotions, Inc., dba Theme Co-op Promotions ("Theme") will,

5     and hereby does, move for an award of the following from Defendant and Counterclaimant News

6     America Marketing FSI, Inc. ("News America"): (1) Theme's reasonable attorneys' fees in the

7     amount of $2,722,684.77; (2) Theme's costs of suit in the amount of $186,006.17; (3) the

8     remaining portion of the judgment due in the amount of $95,298.82; (4) additional post-judgment

9     interest on the judgment in the amount of $14,442.30; (5) post-judgment interest on attorneys' fees

10    and costs in the amount of $471,326.46, and such other interest as determined by the Court.

11         This motion is made on the grounds that as the prevailing party in an antitrust action, Theme

12    is entitled to an award of its reasonable attorneys' fees and costs of suit under the Cartwright Act,

13    Cal. Bus. & Prof. Code § 16750(a), interest as provided by law, as well as the remaining portion due

14    on the judgment entered in this action.  The motion is based on:

15    • This Notice of Supplemental Motion and Supplemental Motion for Attorneys' Fees, Costs

16         of Suit and Interest ("Supplemental Attorneys' Fees Motion"); the Memorandum of Points

17         and Authorities set forth below; the Supplemental Declaration of Theodore T. Herhold in

18         Support of Plaintiff's Supplemental Motion for Attorneys' Fees, Costs of Suit and Interest

19         ("Suppl. Herhold Decl.") filed herewith; and

20    • Plaintiff's [Original] Notice of Motion and Motion for Attorneys' Fees; Memorandum of

21         Points and Authorities ("Original Attorneys' Fees Motion") (previously filed on June 22,

22         2006, Docket. No. 506); the Declaration of Theodore T. Herhold In Support of Plaintiff's

23         [Original] Motion for Attorneys' Fees ("Original Herhold Decl.") (previously filed on

24         June 22, 2006, Docket No. 505); the Declaration of Charles B. Renfrew In Support of

25         Plaintiff's [Original] Motion for Attorneys' Fees ("Renfrew Decl.") (previously filed on

26         June 22, 2006, Docket No. 508); the Declaration of Kim De Jesus in Support of Plaintiff's

27

28    _____
          [1] Pursuant to the Court's Minute Entry dated March 24, 2009 (Docket No. 557), the Court will
      schedule a hearing, if necessary, on the matter; otherwise, the matter will be decided on the papers.

townsend.

1  [Original] Motion for Attorneys' Fees ("De Jesus Decl.") (previously filed on June 22,

2  2006, Docket No. 507); the Appendix in Support of Plaintiff's [Original] Motion for

3  Attorneys' Fees (Billing Summaries) ("Appendix") (previously filed on June 22, 2006,

4  Docket No. 504);[2] and

5  • The pleadings and records on file herein, and on such further evidence as may be  presented

6  at the hearing on this matter.

7

8  DATED: April 16, 2009                    Respectfully submitted,

9                                           TOWNSEND AND TOWNSEND AND CREW LLP

10

11                                          By: /s/ Theodore T. Herhold
                                                _____
11                                              Eugene Crew

12                                              Theodore T. Herhold
                                                Holly Gaudreau

13                                              Attorneys for Plaintiff and Counterdefendant
                                                THEME PROMOTIONS, INC.,
14                                              dba THEME CO-OP PROMOTIONS

15

16

17

18

19

20

21

22

23

24

25

26

27

28  
---
[2] Pursuant to the Court's request, a courtesy copy of Theme's Original Attorneys' Fees Motion and supporting documents will be lodged with chambers, along with the present motion.

PLAINTIFF'S NOTICE OF SUPPLEMENTAL MOTION AND SUPPLEMENTAL
MOTION FOR ATTORNEYS' FEES, COSTS AND INTEREST; MEMORANDUM
Case No. C 97-04617 (VRW)                                              - 2 -

townsend.

1

### CERTIFICATION OF COMPLIANCE WITH CIVIL L.R. 54-6

2      Pursuant to Civil L.R. 54-6(a) and by Stipulation and Order dated May 30, 2006, Theme's

3  Original Attorneys' Fees Motion pertaining to fees incurred in the district court litigation was

4  timely filed (*see* Docket Nos. 502-503); pursuant to 9th Cir. R. 39-1.6, Theme's request for

5  attorneys' fees on appeal was timely filed; and by District Court Order dated August 15, 2006,

6  Ninth Circuit Order dated November 14, 2008 and this Court's Minute Entry dated March 24,

7  2009, Theme's Supplemental Attorneys' Fees Motion was timely filed (*see* Docket Nos. 541, 554

8  and 557).[3]

9      Pursuant to Civil L.R. 54-6(b)(1), counsel for Theme and counsel for News America have

10  met and conferred in an effort to resolve any disputes with respect to this motion.  Suppl. Herhold

11  Decl., ¶ 2.

12      Pursuant to Civil L.R. 54-6(b)(2), a statement of the services rendered by each person for

13  whose services are claimed together with a summary of the time spent by each person, and a

14  statement describing the manner in which time records were maintained are contained in Exhs. A

15  and B to the Appendix in support of the Original Attorneys' Fees Motion (Docket No. 504), and

16  Exh. 8 to the Suppl. Herhold Decl.

17      Pursuant to Civil L.R. 54-6(b)(3), a brief description of the relevant qualifications and

18  experience and a statement of the customary hourly charges of each such person or of comparable

19  prevailing hourly rates or other indication of value of the services are contained in the Original

20  Herhold Decl. in support of the Original Attorneys' Fees Motion, ¶¶ 33-54 (Docket No. 505), and

21  the Suppl. Herhold Decl., ¶¶ 19-22.

22

23

24

25      [3] In its Motion to Transfer Consideration of Attorneys' Fees [on Appeal] to the District Court
filed with the Court of Appeals on October 24, 2008, Theme requested that its request for
26  attorneys' fees on appeal be transferred to the District Court for consideration along with Theme's
Original Attorneys' Fees Motion, so that both could be heard "following final disposition of this
27  case on appeal."  Suppl. Herhold Decl., Exh. 6, p. 3.  The motion was granted by the Court of
Appeals on November 14, 2008.  Docket No. 554.  This Court thereafter set forth the briefing
28  schedule for this motion in its Minute Entry dated March 24, 2009.  Docket No. 557.

townsend.

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    INTRODUCTION**

3          Pursuant to the Court's Minute Entry dated March 24, 2009 (Docket No. 557), the present

4   motion supplements Theme's Original Attorneys' Fees Motion filed on June 22, 2006.  This

5   supplemental motion updates the factual and procedural history of the case since the filing of the

6   Original Attorneys' Fees Motion, and sets forth the additional sums due since that time.  For a

7   complete statement of the case and a summary of the evidence presented and results obtained,

8   please see the Original Attorneys' Fees Motion and supporting papers.

9          After more than eleven years of hard-fought litigation – which included a three-week jury

10  trial in August, 2005 and two trips to the Ninth Circuit Court of Appeals – Theme has now fully

11  and finally prevailed on its state antitrust, unfair competition and tortious interference claims

12  against its much larger market rival, News America.  The Court of Appeals recently affirmed the

13  judgment of this Court in its entirety and News America declined to seek further review before the

14  United States Supreme Court.

15         As the prevailing party in an antitrust case, Theme is entitled to an award of its reasonable

16  attorneys' fees and costs under the Cartwright Act.  Because Theme's unfair competition and

17  tortious interference claims arose out of the same operative facts and course of conduct, the law

18  provides that Theme may recover its fees associated with those claims as well.  The heart of

19  Theme's case is and always has been News America's unlawful enforcement of its exclusive

20  dealing – or so-called "right of first refusal" ("ROFR") contracts – with the purpose and effect of

21  restraining trade in the free standing insert ("FSI") market and harming Theme as a market

22  competitor.  This core assertion, which constituted the basis of Theme's antitrust claims, also

23  pervaded its unfair competition and tortious interference claims.  Virtually all of the discovery and

24  evidence presented at trial directly related to News America's unlawful enforcement of its ROFR

25  contracts and associated anticompetitive behavior.

26         While Theme is arguably entitled to recover all of its attorneys' fees in pursuing both its

27  antitrust and related non-antitrust claims, Theme has nevertheless eliminated, where possible, fees

28  associated exclusively with its non-antitrust claims and News America's tortious interference

townsend.

1    counterclaims on which New America proved unsuccessful at trial.  Further, to account for the fact

2    that Theme was not successful on certain of its claims and did not prevail on its cross-appeal, and

3    taking into consideration various other issues and anomalies in the case, Theme has made various

4    other deductions and discounts to the fees its seeks herein to arrive at an appropriate fee amount.

5    The total fees sought by Theme from inception of this case in December, 1997 through final

6    disposition in 2009 are $2,722,684.77.  The amount sought – which is less than 60% of the total

7    fees incurred by Theme – is reasonable, indeed conservative, given the enormous obstacles Theme

8    encountered and the favorable results it achieved in pursuing this protracted litigation against its

9    unyielding market competitor.  Theme also seeks herein its costs of suit, the remaining amount

10   owed on the judgment, and interest as provided by law.

11        As discussed more fully below, the amounts sought by Theme can be grouped into three

12   time periods: (1) 1997-2006: from commencement of the action through the first appeal, trial and

13   judgment; (2) 2006-2008: the second appeal; and (3) 2008-present: collection of the judgment,

14   fees, costs and interest.  The first time period was addressed in Theme's Original Attorneys' Fees

15   Motion and supporting papers filed with this Court on June 22, 2006.  Docket Nos. 504-508.  The

16   second time period was addressed in Theme's Application for Attorneys' Fees and supporting

17   papers filed with the Court of Appeals on October 24, 2008.  Suppl. Herhold Decl., Exhs. 3 - 5.

18   And the third time period is addressed in the present motion and supporting papers.

19   **II.    FACTUAL AND PROCEDURAL BACKGROUND**

20        **A.    1997-2006: Commencement, the First Appeal, Trial and Judgment**

21        As set forth in Theme's Original Attorneys' Fees Motion, this case has a long and

22   tumultuous history.  It was commenced by Theme in 1997; summary judgment was granted in

23   favor of News America in 2000; the Ninth Circuit Court of Appeals reversed and remanded the

24   case in 2002; the case was tried before a jury in August, 2005, where Theme prevailed on its

25   antitrust, unfair competition and tortious interference claims; judgment in favor of Theme was

26   entered by this Court on June 1, 2006 in the amount of $3,496,024.00, with interest and costs of

27   suit; and the judgment was recently affirmed in its entirety by the Court of Appeals (discussed

28   below).  As this Court noted in deferring Theme's Original Attorneys' Fees Motion, "this nine-

year [now eleven-year] litigation has made an impression on the court unlikely to fade before resolution of the parties' appeals." Docket No. 541, p. 2. Therefore, rather than repeat the facts and evidence of the case herein, Theme incorporates by reference the factual and procedural background through the entry of final judgment in 2006, as set forth in Theme's Original Attorneys' Fees Motion. Docket No. 506, pp. 3-11.

Following the entry of judgment, Theme timely filed its Original Attorneys' Fees Motion and supporting papers on June 22, 2006, pursuant to which Theme sought fees totaling $2,345,145.92, after various deductions and discounts. Docket Nos. 504-508. Theme also filed its Bill of Costs in the amount of $184,970.77. Docket No. 510. Pursuant to News America's Motion for Administrative Relief (Docket No. 539), this Court deferred Theme's motion until after completion of the appeals process (Docket No. 541).

**B.     2006-2008: The Second Appeal**

Following the entry of final judgment by the District Court on June 1, 2006, News America filed a Notice of Appeal on June 29, 2006 seeking appellate review of: (1) the final judgment; (2) the District Court's March 2, 2006 Order denying News America's renewal motion for judgment as a matter of law or for a new trial; and (3) the District Court's May 25, 2006 Order resolving the issue of duplicative recovery on Theme's antitrust and tort claims. Docket No. 511. On July 14, 2006, Theme filed its cross-appeal seeking appellate review of various ancillary rulings by the District Court, including denial of compensatory and punitive damages on Theme's intentional interference claims; denial of restitution under Theme's unfair competition claim; denial of Theme's request for a permanent injunction; and denial of Theme's motion for leave to amend its complaint and related motion for summary judgment.

On August 20, 2008, the Court of Appeals entered its Opinion affirming the District Court's judgment in favor of Theme on its Cartwright Act, unfair competition and negligent interference claims in its entirety. Docket No. 551. The Court of Appeals also affirmed the District Court on each of the issues raised on Theme's cross-appeal. *Id.* News America thereafter filed a petition for rehearing and rehearing en banc on September 9, 2008. In its published Order Amending Opinion and Amended Opinion dated October 10, 2008 ("Amended Opinion"), the

townsend.

1    Court of Appeals reaffirmed its prior opinion (with minor amendments) and denied News

2    America's petition for rehearing and rehearing en banc.  Docket No. 553.

3        In its Amended Opinion, the Court of Appeals held, among other things: (1) the evidence

4    presented at trial supported the jury's findings that Theme had proven a relevant market comprised

5    of FSIs and that News America's exclusive-dealing ROFR agreements foreclosed competition in a

6    substantial share of that relevant market; (2) Theme suffered antitrust injury – i.e., an injury of the

7    type the antitrust laws were intended to prevent – as a direct result of News America's antitrust

8    violation; (3) the District Court did not err in denying News America's motion for JMOL on

9    Theme's negligent interference claim; (4) the District Court did not err in admitting the testimony

10   of Theme's president at trial; and (5) the District Court did not err in determining that the jury's

11   awards of antitrust damages and tort damages were not duplicative.  *Id.*

12       On October 24, 2008, Theme timely filed its Application for Attorneys' Fees Under Ninth

13   Circuit Rule 39-1.6 and supporting papers.  Suppl. Herhold Decl., Exhs. 3-5.  Theme also filed its

14   Bill of Costs in the amount of $1,035.40.  *Id.* at Exh. 7.  Pursuant to Theme's Motion to Transfer

15   Consideration of Attorneys' Fees to the District Court (*Id.* at Exh. 6), the Court of Appeals

16   transferred consideration of Theme's fee request to this Court (Docket No. 554).

17       **C.   2008-Present: Payment of the Judgment and Remaining Issues to Be Decided**

18       News America's time for filing a petition for writ of certiorari before the United States

19   Supreme Court expired on January 8, 2009.  On January 16, 2009, News America confirmed that

20   it would not seek further appellate review and was prepared to pay the judgment of $3,496,024.00,

21   plus what it calculated as post-judgment interest of $479,835.21, for a total of $3,975,859.21.

22   Suppl. Herhold Decl., ¶ 5.  However, News America claimed that it had received a lien notice in a

23   separate action involving "Theme Co-op Promotions, Inc." (which is not the plaintiff in this

24   action) in the amount of $94,436.32 and, despite Theme's objections, intended to withhold that

25   amount from the payment.[4]

26

27   _____
       [4] The lien (writ of execution) is currently the subject of a motion to quash, which was

28   communicated to News America on February 12, 2009, prior to payment of the judgment by News
     America that same day.  *Id.* at ¶ 8, Exh. 2.

townsend.

**townsend.**

1    Theme responded that it would be improper to withhold the amount of the lien since the

2    judgment debtor in that action was not the plaintiff in the present action, but that it was prepared to

3    accept payment of the full amount of the judgment plus the agreed-upon post judgment interest

4    totaling $3,975,859.21.  Suppl. Herhold Decl., ¶ 6, Exh. 1.  The parties discussed, but were unable

5    to reach an agreement on, additional issues involving: (1) the amount of attorneys' fees and costs

6    owed; (2) whether post-judgment interest should be paid on attorneys' fees and costs in addition to

7    the judgment; and (3) additional amounts due, if any, for pre- and post-judgment interest.  *Id*.

8    Theme maintained throughout these discussions that News America was free to pay the

9    amount of the judgment plus the agreed-upon post-judgment interest – both of which were

10   undisputed by the parties – at any time in order to stop further post-judgment interest from

11   continuing to accrue on these amounts.  *Id*. at ¶ 7, Exh. 1.  Notwithstanding the pending motion to

12   quash the lien, News America went ahead and paid the amount of the judgment plus the agreed-

13   upon interest (but withheld the amount of the lien) on February 12, 2009.  The total amount paid

14   on that date was $3,880,560.39 ($3,496,024 [judgment] + $479,835.21 [interest] - $95,298.82

15   [lien] = $3,880,560.39).  *Id*. at ¶ 9.[5]

16   The remaining issues to be decided by the Court are: (1) the proper amount of attorneys'

17   fees awardable to Theme for the entire action; (2) the proper amount of costs awardable to Theme;

18   (3) whether News America properly withheld the amount of the lien from payment of the

19   judgment; and (4) the proper amount of interest owed on the judgment, attorneys' fees and costs.

20   **III.    THEME'S ATTORNEYS' FEES MOTIONS AND COST BILLS**

21       **A.    Theme's Original Attorneys' Fees Motion and Bill of Costs**

22   Following the entry of final judgment by this Court on June 1, 2006, Theme filed its

23   Original Attorneys' Fees Motion on June 22, 2006, seeking fees of $2,345,145.92.  Docket

24   Nos. 504-508.  Fees were calculated using the "lodestar" approach under California law.  *Serrano*

25   *v. Priest (Serrano III)*, 20 Cal.3d 25, 48-49 (1977); *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th

26

27   _____
     [5] The lien amount ultimately withheld by News America – $95,298.82 – apparently reflects the
     increased amount of interest owed by the judgment debtor as of February 12, 2009.  *Id.* at ¶ 8,

28   Exh. 2.

1    553, 579 (2005).  Under the lodestar method, the hours reasonably expended by counsel are

2    multiplied by counsel's reasonable hourly rates in order to derive the appropriate fee amount.

3    *Serrano III*, 20 Cal.3d at 48; *Graham*, 34 Cal.4th at 579.

4        The amount sought by Theme in its Original Attorneys' Fees Motion constituted less than

5    60% of the total fees incurred by Theme from the inception of the case in 1997 to June, 2006.  As

6    set forth in the motion, although Theme was arguably entitled to all of its attorneys' fees up that

7    that point, it voluntarily discounted its fees to account for: (1) fees associated exclusively with its

8    non-antitrust claims; (2) fees associated exclusively with defending against News America's

9    tortious interference counterclaims on which Theme prevailed at trial; (3) time for attorneys and

10   paralegals that made insubstantial contributions to the case; and (4) other miscellaneous and

11   unclear time entries.  Original Attorneys' Fees Motion (Docket No. 506), at pp. 17-18; Original

12   Herhold Decl. (Docket No. 505), ¶ 27.

13       To make absolutely certain that the fees sought by Theme were appropriate and reasonable,

14   the total fees (after the deductions set forth above) were further discounted by 20% to account for

15   any potential remaining uncertainties as to whether the work pertained exclusively to Theme's

16   non-antitrust claims and/or News America's counterclaims.  Original Attorneys' Fees Motion

17   (Docket No. 506), at pp. 23-25, and evidence cited therein.[6]

18       News America filed a motion for administrative relief requesting that Theme's Original

19   Attorneys' Fees Motion be heard after completion of the appeal process, which the court granted

20   on August 15, 2006.  Docket No. 541.

21       Theme also filed its Bill of Costs in the amount of $184,970.77, which was never taxed by

22

23

24       [6] Appendix, Exhs. A and B accompanying the Original Attorneys' Fees Motion are
     spreadsheets showing the attorneys and paralegals from the Townsend and Haas law firms who

25   worked on the case from its inception; a description of each day's work; the associated time and
     value of the work performed; and any deductions made for purposes of this motion.  Because the

26   work descriptions in the spreadsheets contain attorney-client privileged and work product
     information, a redacted version was served on opposing counsel.  An unredacted version of the

27   Appendix has been lodged with the Court along with the Original Attorneys' Fees Motion.  If
     requested, Theme will make available for in camera inspection by the Court the underlying bills

28   and records which support each of the entries made in the spreadsheets.

townsend.

the clerk.  Docket No. 510.[7]

### B.   Theme's Request for Attorneys' Fees on Appeal and Bill of Costs

Following entry of the Court of Appeals Amended Opinion, Theme filed its Application for Attorneys' Fees under Ninth Circuit Rule 39-1.6, seeking fees on appeal of $310,782.85. Suppl. Herhold Decl., Exh. 3.[8]  Theme used the same basic methodology and criteria it used in its Original Attorneys' Fees Motion in determining the proper amount of attorneys' fees owed for the appeal.  For example, to ensure that the fees fairly and accurately reflected the work done by Theme's lawyers and paralegals on the appeal, Theme deducted from the total: (1) time for attorneys and paralegals who, during the course of the appeal, did not make substantial contributions to the case; and (2) other miscellaneous and unclear time entries.  Theme further reduced that amount by 30% to take into account the work done on Theme's cross-appeal notwithstanding the fact that the vast majority of the fees were incurred in defending against News America's appeal.  *Id*. at ¶ 10.

At the same time Theme filed its application for attorneys' fees on appeal, Theme filed a Motion to Transfer Consideration of Attorneys' Fees on Appeal (*Id*. at Exh. 6) requesting that its fee request be heard along with its Original Attorneys' Fees Motion by the District Court following final disposition of the case on appeal, which the Court of Appeals granted on November 14, 2008.  Docket No. 554.

Theme also filed a Bill of Costs for its costs on appeal in the amount of $1,035.40, which was never taxed by the Court.  Suppl. Herhold Decl., Exh. 7.

### C.   The Present Supplemental Motion

Following completion of the second appeal, the Court held a Case Management Conference on March 24, 2009, at which time the Court set the briefing schedule for the present

---

[7] The Court's Minute Entry dated March 24, 2009 states that in addition to attorneys' fees, the present brief should also address costs and post judgment interest.  Docket No. 557.

[8] In addition to its Application for Attorneys' Fees, Theme also filed its: (1) Request for Attorneys' Fees Pursuant to Circuit Rule 39-1.6; Timeliness Statement; Memorandum in Support of Request; and (2) Declaration of Theodore T. Herhold in Support of Appellee/Cross-Appellant's Request for Attorneys' Fees Pursuant to Circuit Rule 39-1.6.  The Application, Request and Declaration are attached as Exhs. 3, 4 and 5 to the Suppl. Herhold Decl. filed herewith and incorporated herein by reference.

townsend.

1   supplemental motion.  Docket No. 557.  The present motion supplements Theme's Original

2   Attorneys' Fees Motion and addresses additional attorneys' fees and costs incurred by Theme

3   since the Original Attorneys' Fees Motion, the outstanding amount due on the judgment, and

4   additional interest due and owing.

5   **IV.   LEGAL ARGUMENT**

6       **A.   Theme is Entitled to an Award of its Reasonable Attorneys' Fees**

7           **1.   Applicable Legal Standards**[9]

8           The Cartwright Act provides: "Any person who is injured in his or her business or property

9   by reason of anything forbidden or declared unlawful by this chapter…shall be awarded a

10  reasonable attorneys' fee together with the costs of the suit."  Cal. Bus. & Prof. Code § 16750(a);

11  *Carver v. Chevron U.S.A., Inc*., 119 Cal.App.4th 498, 503 (2004) ("The Cartwright Act contains a

12  unilateral fee-shifting provision that allows an award of attorney fees to a prevailing plaintiff but

13  not to a prevailing defendant.").

14          California law governs the calculation of Theme's attorneys' fees.  *See Mangold v. Cal.*

15  *Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) ("Existing Ninth Circuit precedent has

16  applied state law in determining not only the right to fees, but also in the method of calculating the

17  fees."); *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002) (holding state law

18  governs the award of fees).  Under California law, the "lodestar" approach is the method

19  commonly used to calculate attorneys' fees.  *Serrano III*, 20 Cal.3d at 48-49; *Graham*, 34 Cal.4th

20  at 579.  Under the lodestar method, the hours reasonably expended by counsel are multiplied by

21  counsel's reasonable hourly rates in order to derive the appropriate fee amount.  *Serrano III*, 20

22  Cal.3d at 48; *Graham,* 34 Cal.4th at 579 ("[A] court assessing attorney fees begins with a

23  touchstone or lodestar figure, based on the 'careful compilation of the time spent and reasonable

24  hourly compensation of each attorney . . . involved in the presentation of the case.'").

25          The first step in calculating the lodestar is to determine the reasonable number of hours

26  which benefited Theme's antitrust claims.  *See Graham,* 34 Cal.4th at 579.  "Under the lodestar

27  ───────────────────────

28      [9] The following is excerpted from Theme's Original Attorneys' Fees Motion, which contains a
    fuller discussion of the applicable legal standards.

townsend.

1   method, a party who qualifies for a fee should recover for all hours reasonably spent unless special

2   circumstances would render an award unjust." *Vo v. Las Virgenes Muni. Water Dist.*, 79

3   Cal.App.4th 440, 446 (2000); *Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001) ("'an attorney fee

4   award should ordinarily include compensation for <u>all</u> the hours <u>reasonably spent</u>, including those

5   relating solely to the fee'") (citing *Serrano v. Unruh*, 32 Cal.3d 621, 624 (1982)) (*"Serrano IV"*)

6   (emphasis original).

7       Further, "a plaintiff is to receive compensation in fees for work which is related to the

8   pursuit of both successful and unsuccessful antitrust claims." *Twin City Sportservice, Inc. v.

9   Charles O. Finley & Co.,* 676 F.2d 1291, 1313, 1316 (9th Cir. 1982); *Hasbrouck v. Texaco, Inc.,*

10  879 F.2d 632, 638 (9th Cir. 1989); *see also Children's Hosp. & Med. Ctr. v. Bonta*, 97 Cal.App.4th

11  740, 781 (2002) ("[A] plaintiff who is successful on only some claims may nonetheless be entitled

12  to recover fees for services on the unsuccessful claims.").

13      A successful antitrust plaintiff may also recover fees associated with other claims that were

14  based on the same set of facts and course of conduct. *See Twin City Sportservice,* 676 F.2d at

15  1313; *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 129-30 (1979) ("Attorney's fees need not

16  be apportioned when incurred for representation on an issue common to both a cause of action in

17  which fees are proper and one in which they are not allowed."); *Greene v. Dillingham Constr.

18  N.A., Inc.*, 101 Cal.App.4th 418, 423 (2002) (affirming award of attorneys' fees incurred on two

19  different claims that "were based on the same set of facts and course of conduct" even though

20  plaintiff successful on only one claim); *see also Children's Hosp.*, 97 Cal.App.4th at 780-781

21  ("'[A] trial court may, in its discretion, determine that time reasonably expended on an action

22  includes time spent on other separate but closely related court proceedings.'") (quoting *Wallace v.

23  Consumers Coop. of Berkeley, Inc.*, 170 Cal.App.3d. 836, 849 (1985)).

24      Under the lodestar method, once the appropriate lodestar hours are calculated, they are

25  multiplied by the prevailing rates in the market where counsel is located. *Ketchum*, 24 Cal.4th at

26  1133 (2001) (citing *Serrano IV*, 32 Cal.3d at 640 n.31 (reasonable value of legal services defined

27  as the "'hourly amount to which attorneys of like skill in the area would typically be entitled.'");

28  *see also Graham*, 34 Cal.4th at 579 (California Supreme Court "expressly approved the use of

**townsend.**

1  prevailing hourly rates as a basis for the lodestar") (citations omitted); *PLCM Group, Inc. v.*

2  *Drexler*, 22 Cal.4th 1084, 1096 (2000) (court awarded fees based on number of hours expended by

3  counsel multiplied by prevailing market rate in San Francisco, where counsel was located); *see*

4  *also* additional cases cited at pp. 18-19 of Theme's Original Attorneys' Fees Motion (Docket

5  No. 506).

6        In determining the appropriate rates to apply, counsel's regular billing rates are

7  presumptively reasonable.  *See Mandel v. Lackner*, 92 Cal.App.3d 747, 761 (1979) ("The value of

8  an attorney's time generally is reflected in his normal billing rate."); *Lealao v. Beneficial Cal.,*

9  *Inc.*, 82 Cal.App.4th 19, 50 (2000) (the goal in awarding fees is to "ensure that the fee awarded is

10  within the range of fees freely negotiated in the legal marketplace in comparable litigation"); *see*

11  *also Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993) ("lawyers who fetch above-

12  average rates are presumptively entitled to them . . . [w]hen the lawyers sell their time in the

13  market, the market provides the starting point . . . .").

14        **2.**      **Calculation of Attorneys' Fees In This Case**

15        As set forth in Theme's Original Attorneys' Fees Motion, all of Theme's claims centered

16  on the same core conduct by News America – i.e., its unlawful enforcement of its exclusive

17  dealing ROFR contracts against Theme and Theme's PGC customers, and associated

18  anticompetitive behavior, with the intent of restraining trade in the FSI market.  Original

19  Attorneys' Fees Motion at pp. 14-15 (Docket No. 506), and evidence cited therein.  Because all of

20  Theme's claims pertained to the same operative facts and course of conduct, virtually all of the

21  discovery and pretrial and trial work that supported Theme's antitrust claims also supported its

22  unfair competition and tortious interference claims.  *Id.*

23        Although Theme is entitled to recover fees based on prosecution of all of the claims it

24  pursued in the case, Theme nevertheless eliminated from its lodestar: (1) time devoted exclusively

25  to its non-antitrust claims; and (2) time associated exclusively with defending against News

26  America's counterclaims.  Original Attorneys' Fees Motion at pp. 15-16 (Docket No. 506), and

27  evidence cited therein; Suppl. Herhold Decl., ¶¶ 10-11; *see Carver*, 119 Cal.App. 4th at 505-06

28  (trial court's apportionment of fees upheld where it first separated out fees attributable solely to

townsend.

1   Cartwright Act and non-Cartwright Act claims and found that remaining claims were "inextricably

2   intertwined and could not be further separated because they had elements of both Cartwright Act

3   and non-Cartwright Act causes of action").  Theme also subtracted time for: (3) attorneys and

4   paralegals[10] who made insubstantial contributions to the case; and (4) other miscellaneous and

5   unclear time entries.  Original Attorneys' Fees Motion at pp. 16-18 (Docket No. 506), and

6   evidence cited therein; Suppl. Herhold Decl., ¶ 11.

7          Because the rates charged by Theme's counsel are – and throughout the course of this

8   litigation have been – at or below market rates, Theme's fees are calculated by multiplying the

9   reduced lodestar hours by the historic rates actually charged by Theme's counsel.  Original

10  Attorneys' Fees Motion at pp. 18-20 (Docket No. 506), and evidence cited therein; Suppl. Herhold

11  Decl., ¶¶ 17 and 20-22.[11]

12         Finally, to make absolutely certain that that the fees sought by Theme are appropriate and

13  reasonable, Theme has further reduced its fees (after the deductions set forth above) by 20% (from

14  1997 through judgment in June, 2006) and 30% (for the second appeal) to account for any

15  potential remaining uncertainties as to whether the work pertained exclusively to Theme's

16  non-antitrust claims and/or News America's counterclaims.  Original Attorneys' Fees Motion at

17  p. 23 (Docket No. 506), and evidence cited therein; Suppl. Herhold Decl., Exh. 4, p. 14.

18         Given the huge commitment undertaken by Theme and its attorneys in taking on its much

19  larger and better resourced market rival, the protracted nature of this hard-fought litigation, and the

20  success Theme achieved against imposing odds, the total amount of fees sought by Theme herein

21  are exceedingly reasonable.  The methodology employed by Theme in calculating its lodestar –

22         [10] Fees incurred by paralegals are fully compensable.  *Pac. Coast Agric. Exp. Ass'n v. Sunkist
23  Growers, Inc.*, 526 F.2d 1196, 1210 n.19 (9th Cir. 1975) ("As a matter of policy, the use of
    paralegal help in this fashion greatly reduces the cost of legal services to the public and is thus a
24  practice to be encouraged."); *Sundance v. Muni. Court*, 192 Cal.App.3d 268, 274 (1987).

         [11] The reasonableness of the rates charged for the 1997-2006 time period is addressed in the
25  Renfrew Decl. (Docket No. 508) in support of the Original Attorneys' Fees Motion, at ¶¶ 13-19.
    The reasonableness of the rates charged during the second appeal is addressed in the Declaration
26  of Theodore T. Herhold in Support of Appellee/Cross-Appellant's Request for Attorneys' Fees
    Pursuant to Circuit Rule 39-1.6, at ¶¶ 9-14 (attached as Exh. 5 to the Suppl. Herhold Decl. filed
27  herewith).  That same evidentiary support for the rates charged from inception of the case in 1997
    through 2008 would also apply to the rates charged in 2009 as the Theme's counsel made only
28  market increases for rates charged in 2009.  Suppl. Herhold Decl., ¶ 22.

including the various deductions and discounts made by Theme – as well as the rates charged by counsel, comport with California law and result in an amount that is fair – indeed conservative – under the circumstances.  *See* Original Attorneys' Fees Motion at pp. 20-23 (Docket No. 506), and evidence cited therein.[12]

Theme seeks the following amounts in attorneys' fees for the periods set forth below:

### a)      1997-2006 Fees

As set forth in Theme's Original Attorneys' Fees Motion, Theme seeks a total of $2,345,145.92 in attorneys' fees from the inception of the case in 1997 through June, 2006. Original Attorneys' Fees Motion at pp. 24-25 (Docket No. 506).  This represents a reduction of more than 40% of the total fees incurred by Theme during this time period.

### b)      2006-2008 Fees

As set forth in Theme's Request for Attorneys' Fees filed after the second appeal, Theme seeks a total of $310,782.85 in attorneys' fees for the second appeal.  Suppl. Herhold Decl., Exhs. 504-508.  This again represents a reduction of more than 40% of the total fees incurred by Theme during this time period.

### c)      2008-Present Fees

Since the second appeal was completed in or about October, 2008 through March 31, 2009, Theme has incurred additional attorneys' fees of $36,881.00 in attempting to collect the remaining amounts due and owing on the judgment, interest, attorneys' fees and costs of suit.  Suppl. Herhold Decl., Exh. 8.  Theme anticipates that an additional $29,875.00 will be incurred from April 1, 2009 through final disposition of the case in preparing and filing the present motion, review and analysis of News America's opposition, and preparing and filing the reply, as well as additional efforts in collecting the amounts due and owing.  *Id*. at ¶ 18.  Theme therefore seeks a total of $66,756.00 ($36,881.00 + $29,875.00 = $66,765.00) for this time period.

---

[12] Theme's Original Attorneys' Fees Motion was supported by, among other things, the Renfrew Decl. (Docket No. 508).  Judge Renfrew is a former District Court Judge for the Northern District of California and has had ample experience in determining attorneys' fees to be awarded to a prevailing party.  Renfrew Decl., ¶¶ 2-4.  Based on his review of the record and the fees charged by Theme's lawyers, it was Judge Renfrew's opinion that number of hours billed and the rates charged by Theme's lawyers were proper and reasonable.

PLAINTIFF'S NOTICE OF SUPPLEMENTAL MOTION AND SUPPLEMENTAL
MOTION FOR ATTORNEYS' FEES, COSTS AND INTEREST; MEMORANDUM
Case No. C 97-04617 (VRW)

townsend.

**townsend.**

1   The total fees sought herein are:

2   $2,345,145.92

3   $  310,782.85

4   $   66,756.00

5   **$2,722,684.77**

6   **B.      Theme is Entitled to Costs of Suit**

7   The Cartwright Act provides: "Any person who is injured in his or her business or property

8   by reason of anything forbidden or declared unlawful by this chapter…shall be awarded a

9   reasonable attorneys' fee together with costs of suit." Cal. Bus. & Prof. Code § 16750(a).  This

10  Court properly awarded costs to Theme in its Judgment entered on June 1, 2006.  Docket No. 502.

11  Theme filed its Bill of Costs in the District Court on June 22, 2006 in the amount of

12  $184,970.77.  Docket No. 510.  Theme filed its Bill of Costs in the Court of Appeals on

13  September 3, 2008 in the amount of $1,035.40.  Suppl. Herhold Decl., Exh. 7.  Neither cost bill

14  was taxed by the court.

15  The total costs sought herein are:

16  $184,970.77

17  $   1,035.40

18  **$186,006.17**

19  **C.      Theme is Entitled to the Balance Due on the Judgment**

20  As set forth above, News America withheld the lien amount of $95,298.82 from the

21  judgment paid on February 12, 2009.  This withholding was improper given the fact that the

22  judgment debtor in the separate action is not the same as the plaintiff in this action and the writ of

23  execution is currently the subject of a motion to quash.

24  The remaining unpaid portion of the judgment is:

25  **$95,298.82**

26  **D.      Theme is Entitled to Interest as Provided by Law**

27  The judgment entered on June 1, 2006 awarded Theme the amount of $3,496,024.00 "with

28  interest thereon at the legal rate as provided by law and its costs of action."  Docket No. 502.  In

PLAINTIFF'S NOTICE OF SUPPLEMENTAL MOTION AND SUPPLEMENTAL
MOTION FOR ATTORNEYS' FEES, COSTS AND INTEREST; MEMORANDUM
Case No. C 97-04617 (VRW)                                                            - 16 -

addition to any remaining interest due on the judgment, Theme is also entitled to post-judgment interest on its attorneys' fees and costs as a matter of law.

### 1. Remaining Interest Due on the Judgment

Pursuant to 28 U.S.C. § 1961(a), interest shall "be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." Pursuant to § 1961(b), interest is computed daily to the date of payment and is compounded annually. Judgment was entered in this action on June 1, 2006. Docket No. 502. The applicable T-Bill rate for the week ending May 26, 2006 is $4.99%. *See* Notes following 28 U.S.C. § 1961.

On February 12, 2009, News America wired the sum of $3,880,560.39 to Theme's account. According to News America, this amount included the judgment of $3,496,024, plus post-judgment interest through January 19, 2009 (when News America first offered to pay the judgment) in the amount of $479,835.21, minus $95,298.82 which represented the amount of the lien in the separate action. Suppl. Herhold Decl., ¶ 23.

The interest paid by News America is wrong in two respects: (1) interest should have been paid on the judgment through February 12, 2009 when News America made the actual payment to Theme (Suppl. Herhold Decl., ¶ 24); and (2) interest on the amount withheld for the lien ($95,298.82) continues to accrue since News America had no legal basis for withholding that sum from the payment to Theme. The difference between what News America paid in interest for item (1) above and what it should have paid is $12,644.16. *Id*. at ¶ 25. The amount of post-judgment interest for item (2) should be $1,798.14. *Id*. at ¶ 26.

The total post-judgment interest due on the judgment is:

**$14,442.30**[13]

---

[13] The judgment entered on June 1, 2006 awards Theme $3,496,024.00 "with interest thereon at the legal rate as provided by law…" Docket No. 502. The parties dispute whether the reference to "interest" includes pre-judgment interest as well. To the extent it does, Theme will submit a supplemental brief on the issue and provide calculations for such interest if so requested by the Court.

townsend.

**townsend.**

1

        **2.**      **Post-Judgment Interest on Attorneys' Fees and Costs**

2

      Post-judgment interest under 28 U.S.C. § 1961(a) applies to an award of attorneys' fees

3

and costs.  *Friend v. Kolodzieczak*, 72 F.3d 1386, 1391-92 (9th Cir. 1995).  Interest runs from the

4

date on which the entitlement to fees was secured rather than from the date that the exact quantity

5

of fees is determined.  *Id.*

6

      Here, Theme became entitled to an award of its reasonable attorneys' fees and costs in the

7

judgment entered on June 1, 2006.  Accordingly, interest on the attorneys' fees and costs began to

8

run as of that date.  Interest from June 1, 2006 to July 1, 2009 (the expected date of payment by

9

News America after completion of the briefing on this motion and the Court's ruling thereon)

10

totals $471,326.46.  Suppl. Herhold Decl., ¶ 27.

11

      Total post-judgment interest due on the attorneys' fees and costs is:

12

**$471,326.46**

13

**I.**      **CONCLUSION**

14

      For the foregoing reasons, Theme respectfully requests that it be awarded the following:

15

      (1)      Attorneys' fees in the amount of $2,722,684.77.

16

      (2)      Costs in the amount of $186,006.17.

17

      (3)      Outstanding amount due on the judgment of $95,298.82.

18

      (4)      Additional post-judgment interest on the judgment of $14,442.30.

19

      (5)      Post-judgment interest on attorneys' fees and costs of $471,326.46.

20

21

DATED: April 16, 2009            Respectfully submitted,

22

                         TOWNSEND AND TOWNSEND AND CREW LLP

23

24

                         By: /s/ Theodore T. Herhold

25

                           Eugene Crew
                           Theodore T. Herhold
                           Holly Gaudreau

26

27

                         Attorneys for Plaintiff and Counterdefendant
                         THEME PROMOTIONS, INC.,
                         dba THEME CO-OP PROMOTIONS

28

61781516 v1